UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ARMANDO VILLALOBOS,

    Petitioner,

    v.

C. GIPSON, Warden,

    Respondent.

No. C-12-1165 EMC (pr)

**ORDER ON INITIAL REVIEW**

## I. INTRODUCTION

Armando Villalobos, an inmate at the California State Prison - Corcoran, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His petition is now before the Court for review pursuant to 28 U.S.C. §2243 and Rule 4 of the Rules Governing Section 2254 Cases In The United States District Court.

## II. BACKGROUND

The petition provides the following information: Villalobos was convicted of an unspecified crime in Santa Clara County Superior Court and was sentenced to a prison term of an unidentified length on October 24, 2008, for which he currently is in custody. Villalobos appealed. The judgment of conviction was affirmed by the California Court of Appeal in 2009 and the petition for review was denied by the California Supreme Court in 2010.

Villalobos then filed this action, seeking a writ of habeas corpus. The petition has a signature date of February 1, 2012, and came to the Court in an envelope postmarked February 29, 2012. The *in forma pauperis* application in the envelope with the petition has a signature date of

February 1, 2012, and a certificate of funds dated February 22, 2012. The petition was stamped "filed" at the Court on March 8, 2012.

### III. DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). A district court shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Under Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, a district court may also order the respondent to file another pleading where neither summary dismissal nor service is appropriate.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), which became law on April 24, 1996, imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *See id.* § 2244(d)(2).

The petition in this action was filed more than a year after Petitioner's conviction became final, and may be untimely under the AEDPA's one-year limitation period. This apparent procedural problem should be addressed before the Court reaches the merits of the claims raised in the petition. If the petition is time-barred, the litigants and Court need not expend resources addressing the claims

in the petition. Accordingly, pursuant to Rule 4 of the Rules Governing Section 2254 Cases In The United States District Courts, Respondent must either (1) move to dismiss the petition on the ground that it is untimely, or (2) inform the Court that Respondent is of the opinion that a motion to dismiss is unwarranted in this case.

### IV. CONCLUSION

Good cause appearing therefor,

1. The Clerk shall serve by certified mail a copy of this order and the petition upon Respondent and Respondent's attorney, the Attorney General of the State of California. The Clerk shall also serve a copy of this order on Petitioner.

2. Respondent must file with the Court and serve upon Petitioner, on or before **July 27, 2012**, a motion to dismiss the petition or a notice that Respondent is of the opinion that a motion to dismiss is unwarranted.

3. If Petitioner wishes to oppose the motion to dismiss, he must do so by filing an opposition with the Court and serving it upon Respondent on or before **August 31, 2012**.

4. Respondent may file and serve a reply on or before **September 14, 2012**.

5. The motion will be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion. If Respondent notifies the Court that a motion to dismiss is unwarranted or the motion to dismiss is decided against Respondent, the Court will then determine whether to require an answer to the petition.

6. Petitioner's *in forma pauperis* application is **GRANTED**. (Docket # 2.)

IT IS SO ORDERED.

Dated: May 30, 2012

_____
EDWARD M. CHEN
United States District Judge