UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARMANDO VILLALOBOS, | No. C-12-1165 EMC (pr) |
| Petitioner, | |
| v. | **ORDER OF DISMISSAL** |
| C. GIPSON, Warden, | |
| Respondent. | |

## I. INTRODUCTION

Armando Villalobos, an inmate at the California State Prison - Corcoran, filed this *pro se* action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely. Villalobos has filed an opposition to the motion. For the reasons discussed below, the Court finds the petition to be untimely and dismisses it.

## II. BACKGROUND

Following a jury trial in Santa Clara County Superior Court in 2008, Villalobos was convicted of second degree murder and three counts of attempted murder. He also was found to have personally used a knife in the commission of the offenses and, for the attempted murders, to have inflicted great bodily injury. He was sentenced to a prison term totaling 27 years to life in 2008.

Villalobos appealed. The judgment of conviction was affirmed by the California Court of Appeal on October 27, 2009. His petition for review was denied by the California Supreme Court on February 3, 2010. Villalobos also alleges in his federal petition that he filed a petition for writ of habeas corpus in the California Court of Appeal that was denied on October 27, 2009; respondent

states that the California court website does not have a record of any habeas petition from Villalobos.

Many months after the denial of his petition for review, Villalobos filed this action, seeking a writ of habeas corpus. The petition has a signature date of February 1, 2012, and came to the Court in an envelope postmarked February 29, 2012. The *in forma pauperis* application in the envelope with the petition has a signature date of February 1, 2012, and a certificate of funds dated February 22, 2012. The petition was stamped "filed" at the Court on March 8, 2012. As a *pro se* petitioner, Villalobos receives the benefit of the prisoner mailbox rule, which deems most documents filed when the prisoner gives them to prison officials to mail to the court. *See Stillman v. LaMarque*, 319 F.3d 1199, 1201 (9th Cir. 2003). Although the record is ambiguous as to the date Villalobos actually gave the petition to prison officials to mailed to the Court, the Court will give him the benefit of the doubt and assume that he gave the petition to prison officials for mailing on the date he signed it, *i.e.*, February 1, 2012, and deem the federal petition filed as of that date.

### III.  DISCUSSION

Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time has passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1).

Here, the judgment became final and the limitations period began on May 4, 2010, 90 days after the California Supreme Court denied review. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (direct review period includes the period during which the petitioner could have sought further direct review, regardless of whether he did so). The presumptive deadline for Villalobos to file his federal petition was May 4, 2011. He missed that deadline by nine months, so unless he qualifies for substantial tolling, the petition is untimely.

The one-year limitations period will be tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). Villalobos receives no statutory tolling because there is no credible evidence that he ever filed a state court petition for writ of habeas corpus. He does not dispute respondent's evidence that there is no record on the state court website of any state court habeas petition to the California Court of Appeal. However, even if he could provide evidence that such a petition *had* been filed, it would not matter because the petition allegedly was denied before direct review had concluded and before the federal one-year limitations period began. According to Villalobos, the state habeas petition that he filed in the California Court of Appeal was denied on October 27, 2009, *see* Docket # 1, p. 4, more than six months before the federal one-year limitations period began on May 4, 2010. A state habeas petition that is filed *and denied* before the federal limitations period begins does not have any tolling effect. *Waldrip v. Hall*, 548 F.3d 729, 735 (9th Cir. 2008).

The one-year limitations period can be equitably tolled because § 2244(d) is not jurisdictional. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "'A litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way.'" *Id.* at 2566 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *See also Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006).

Villalobos appears to argue that his institutional placement impeded his ability to timely file his federal petition. *See* Docket # 6, p. 2. He has not described any situation beyond the routine prison circumstances that most habeas prisoners face. His undefined "institutional placement" is not shown to be an extraordinary circumstance or one that made it impossible for him to file on time. "Ordinary prison limitations on . . . access to the law library and copier" do not amount to extraordinary circumstances or make it impossible to file on time. *See Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009); *see, e.g., Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (prisoner's *pro se* status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary

circumstances "given the vicissitudes of prison life"). He does not claim that there was a complete denial of law library access, a bar to litigation activities, or a denial of his legal materials at the place where he was housed. *Cf. Espinoza-Matthews v. California*, 432 F.3d 1021, 1027-28 (9th Cir. 2005) (denial of access to prisoner's legal materials during 11 months he was in administrative segregation supported equitable tolling for prisoner who attempted to obtain those materials to prepare petition). Nor does Villalobos offer any evidence that he actually attempted to use the resources – *i.e.*, to visit the library or obtain materials through the paging system or to obtain legal materials – and was unsuccessful. He has not made a persuasive showing that he was pursuing his rights diligently and that some extraordinary circumstance stood in the way of timely filing of the federal petition.

Villalobos has not shown that he pursued his rights with reasonable diligence and that some extraordinary circumstance stood in his way and prevented timely filing. The limitations period will not be equitably tolled. His federal petition was deemed filed on February 1, 2012, nine months after the limitations period had expired. The petition must be dismissed because it was not filed before the expiration of the habeas statute of limitations period.

A certificate of appealability will not issue because this is not a case in which "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

### IV. CONCLUSION

Respondent's motion to dismiss is **GRANTED**. (Docket # 5). The petition for writ of habeas corpus is dismissed because it was not filed before the expiration of the limitations period in 28 U.S.C. § 2244(d)(1). Petitioner's motion to grant the petition is **DENIED**. (Docket # 6). The Clerk shall enter judgment and close the file.

IT IS SO ORDERED.

Dated: September 17, 2012

EDWARD M. CHEN
United States District Judge

4